Us Bank Trust, N.A. v Lynch (2019 NY Slip Op 00334)





US Bank Trust, N.A. v Lynch


2019 NY Slip Op 00334


Decided on January 17, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 17, 2019

526202

[*1]US BANK TRUST, N.A., Respondent,
v
JOHN R. LYNCH et al., Defendants, and NOVUS CAPITAL, LLC, Appellant.

Calendar Date: December 13, 2018

Before: Garry, P.J., Egan Jr., Devine, Aarons and Pritzker, JJ.


Stephen A. Pechenik, Troy, for appellant.
Hogan Lovells US LLP, New York City (Cameron E. Grant of counsel), for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.
Appeal from an order of the Supreme Court (Chauvin, J.), entered October 13, 2017 in Saratoga County, which, among other things, denied a motion by defendant Novus Capital, LLC to file a late answer.
In May 2006, defendant John R. Lynch executed a note to borrow $203,841.91 from Wells Fargo Financial Credit Services New York, Inc. that was secured by a mortgage — signed by both Lynch and defendant Joann H. Armer — on certain real property located in the City of Saratoga Springs, Saratoga County. In February 2011, the subject note was modified pursuant to a loan modification agreement with the modified principal balance then due and owing totaling $254,360.03. Lynch thereafter defaulted on the note and mortgage by failing to make the requisite payment due as of March 2011. In January 2017, plaintiff, alleging that it was the holder of the note and the assignee of the mortgage, then commenced this mortgage foreclosure action against, among others, Lynch and Armer and, in conjunction therewith, filed a notice of pendency. In April 2017, while the foreclosure action was still pending, Lynch and Armer conveyed the subject property to defendant Novus Capital, LLC. In the interim, however, none of the named defendants answered or otherwise appeared in the foreclosure action and, as a result, on June 13, 2017, plaintiff submitted an ex parte motion for an order of reference upon default judgment against all named defendants. Thereafter, on June 29, 2017, Novus moved to, among other things, intervene as a defendant in the foreclosure action and simultaneously sought leave to file a late answer. In September 2017, at a combined oral argument on the pending motions, Supreme Court granted plaintiff's motion for a default judgment against all named defendants and reserved on the remaining issues. In October 2017, Supreme Court, among other things, granted Novus' motion to intervene, but denied its application to interpose a late answer. Supreme Court thereafter entered a final judgment of foreclosure and sale in March 2018. Novus now appeals from Supreme Court's October 2017 order.
Novus' appeal from the October 2017 nonfinal order must be dismissed, because the right to appeal therefrom terminated upon entry of the final judgment of foreclosure and sale in March 2018 (see Matter of Aho, 39 NY2d 241, 248 [1976]; Nationstar Mtge., LLC v Vordermeier, 165 AD3d 821, 822 [2018]; Matter of Champlain Ctr. N. LLC v Town of Plattsburgh, 165 AD3d 1440, 1441 n 1 [2018]). Although an appeal from the final judgment brings the nonfinal order up for review (see CPLR 5501 [a] [1]; Artibee v State of New York, 165 AD3d 1575, 1576 [2018]), no appeal from said judgment is before us.
Garry, P.J., Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the appeal is dismissed, without costs.